IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| GINA L. JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:17CV1059 |
| ) | |
| NANCY A. BERRYHILL, ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Gina L. Jones ("Plaintiff") brought this action pursuant to Section 205(g) of the Social Security Act (the "Act"), as amended (42 U.S.C. § 405(g)), to obtain judicial review of a final decision of the Commissioner of Social Security denying her claim for Disability Insurance Benefits ("DIB") under Title II of the Act. The parties have filed cross-motions for judgment, and the administrative record has been certified to the Court for review.

I. PROCEDURAL HISTORY

Plaintiff protectively filed her application for DIB on July 15, 2013, alleging a disability onset date of June 15, 2013. (Tr. at 23, 236-39.)[1] She later amended her alleged onset date to January 31, 2014. (Tr. at 23, 286.) Plaintiff's claim was denied initially (Tr. at 113-25, 141-49), and that determination was upheld on reconsideration (Tr. at 126-37, 152-59). Thereafter, Plaintiff requested an administrative hearing de novo before an Administrative Law Judge

---

[1] Transcript citations refer to the Administrative Record [Doc. #10].

("ALJ"). (Tr. at 160-61.) Plaintiff, represented by a non-attorney representative, appeared and testified at the subsequent hearing on April 18, 2016. (Tr. at 23.)

The ALJ ultimately concluded that Plaintiff was not disabled within the meaning of the Act from her alleged onset date through July 7, 2016, the date of the administrative decision, because she had still been engaged in substantial gainful activity. (Tr. at 30.) On September 22, 2017, the Appeals Council denied Plaintiff's request for review of that decision, thereby making the ALJ's conclusion the Commissioner's final decision for purposes of judicial review. (Tr. at 1-6).

II.  LEGAL STANDARD

Federal law "authorizes judicial review of the Social Security Commissioner's denial of social security benefits." Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). However, "the scope of [the] review of [such an administrative] decision . . . is extremely limited." Frady v. Harris, 646 F.2d 143, 144 (4th Cir. 1981). "The courts are not to try the case de novo." Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974). Instead, "a reviewing court must uphold the factual findings of the ALJ [underlying the denial of benefits] if they are supported by substantial evidence and were reached through application of the correct legal standard." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal brackets omitted).

"Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1993) (quoting Richardson v. Perales, 402 U.S. 389, 390 (1971)). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (internal citations and quotation marks omitted). "If there is

evidence to justify a refusal to direct a verdict were the case before a jury, then there is substantial evidence." Hunter, 993 F.2d at 34 (internal quotation omitted).

"In reviewing for substantial evidence, the court should not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the [ALJ]." Mastro, 270 F.3d at 176 (internal brackets and quotation marks omitted). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." Hancock, 667 F.3d at 472 (internal quotation omitted). "The issue before [the reviewing court], therefore, is not whether [the claimant] is disabled, but whether the ALJ's finding that [the claimant] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996).

In undertaking this limited review, the Court notes that in administrative proceedings, "[a] claimant for disability benefits bears the burden of proving a disability." Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). In this context, "disability" means the "'inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.'" Id. (quoting 42 U.S.C. § 423(d)(1)(A)).[2]

---

[2] "The Social Security Act comprises two disability benefits programs. The Social Security Disability Insurance Program . . . provides benefits to disabled persons who have contributed to the program while employed. The Supplemental Security Income Program . . . provides benefits to indigent disabled persons. The statutory definitions and the regulations . . . for determining disability governing these two programs are, in all aspects relevant here, substantively identical." Craig, 76 F.3d at 589 n.1 (internal citations omitted).

3

"The Commissioner uses a five-step process to evaluate disability claims." Hancock, 667 F.3d at 472 (citing 20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4)). "Under this process, the Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy." Id.

A finding adverse to the claimant at any of several points in this five-step sequence forecloses a disability designation and ends the inquiry. For example, "[t]he first step determines whether the claimant is engaged in 'substantial gainful activity.' If the claimant is working, benefits are denied. The second step determines if the claimant is 'severely' disabled. If not, benefits are denied." Bennett v. Sullivan, 917 F.2d 157, 159 (4th Cir. 1990).

On the other hand, if a claimant carries his or her burden at each of the first two steps, and establishes at step three that the impairment "equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations," then "the claimant is disabled." Mastro, 270 F.3d at 177. Alternatively, if a claimant clears steps one and two, but falters at step three, i.e., "[i]f a claimant's impairment is not sufficiently severe to equal or exceed a listed impairment, the ALJ must assess the claimant's residual function[al] capacity ('RFC')." Id. at 179.[3] Step four then requires the ALJ to assess whether, based on that RFC, the claimant can

---

[3] "RFC is a measurement of the most a claimant can do despite [the claimant's] limitations." Hines, 453 F.3d at 562 (noting that pursuant to the administrative regulations, the "RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis . . . [which] means 8 hours a day, for 5 days a week, or an equivalent work schedule" (internal emphasis and quotation marks omitted)). The RFC includes both a "physical exertional or strength limitation" that assesses the claimant's "ability to do sedentary, light, medium, heavy, or very heavy work," as well as "nonexertional limitations (mental, sensory, or skin impairments)." Hall, 658 F.2d at 265. "RFC is to be

"perform past relevant work"; if so, the claimant does not qualify as disabled. Id. at 179-80. However, if the claimant establishes an inability to return to prior work, the analysis proceeds to the fifth step, which "requires the Commissioner to prove that a significant number of jobs exist which the claimant could perform, despite [the claimant's] impairments." Hines, 453 F.3d at 563. In making this determination, the ALJ must decide "whether the claimant is able to perform other work considering both [the claimant's RFC] and [the claimant's] vocational capabilities (age, education, and past work experience) to adjust to a new job." Hall, 658 F.2d at 264-65. If, at this step, the Government cannot carry its "evidentiary burden of proving that [the claimant] remains able to work other jobs available in the community," the claimant qualifies as disabled. Hines, 453 F.3d at 567.

III. DISCUSSION

In the present case, the ALJ found at step one of the sequential analysis that Plaintiff had engaged in substantial gainful activity since January 31, 2014, her amended alleged onset date. (Tr. at 25.) The ALJ therefore denied Plaintiff's disability claim at this initial step. (Tr. at 30.) Plaintiff now argues that the ALJ misapplied the regulations governing whether her self-employment income qualified as substantial gainful activity.

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a

---

determined by the ALJ only after [the ALJ] considers all relevant evidence of a claimant's impairments and any related symptoms (*e.g.*, pain)." Hines, 453 F.3d at 562-63.

5

continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (emphasis added). Substantial gainful activity ("SGA") is "work activity that involves doing <u>significant physical or mental activities</u>" that is "the kind of work usually done for pay or profit, whether or not a profit is realized." 20 C.F.R. § 404.1572 (emphasis added). With limited exception, a claimant who is engaged in SGA does not qualify for the payment of disability benefits. <u>See</u> 20 C.F.R. § 404.1571.

The regulations further define SGA with respect to self-employed individuals specifically. <u>See</u> 20 C.F.R. § 404.1575; <u>see also</u> Social Security Program Policy Statement 83-34, Titles II and XVI: Determining Whether Work is Substantial Gainful Activity – Self-Employed Persons, 1983 WL 31256 at *2 (1983) ("SSR 83-34"). The regulations provide that in evaluating a self-employed person's work activities:

> We will consider your activities and their value to your business to decide whether you have engaged in substantial gainful activity if you are self-employed. We will not consider your income alone because the amount of income you actually receive may depend on a number of different factors, such as capital investment and profit-sharing agreements…. We will evaluate your work activity based on the value of your services to the business regardless of whether you receive an immediate income for your services.

20 C.F.R. § 404.1575(a)(2). The regulations then set out three applicable tests for determining SGA for self-employed individuals:

> (i) <u>Test One</u>: You have engaged in substantial gainful activity if you render services that are significant to the operation of the business and receive a substantial income from the business. Paragraphs (b) and (c) of this section explain what we mean by significant services and substantial income for purposes of this test.
>
> (ii) <u>Test Two</u>: You have engaged in substantial gainful activity if your work activity, in terms of factors such as hours, skills, energy output, efficiency, duties, and responsibilities, is comparable to that of unimpaired individuals in

6

your community who are in the same or similar businesses as their means of livelihood.

(iii) <u>Test Three</u>: You have engaged in substantial gainful activity if your work activity, although not comparable to that of unimpaired individuals, is clearly worth the amount shown in § 404.1574(b)(2) when considered in terms of its value to the business, or when compared to the salary that an owner would pay to an employee to do the work you are doing.

20 C.F.R. § 404.1575(a)(2). The regulations further note that, if a claimant has not engaged in SGA under Test One, then the ALJ will consider the alternative Test Two and Test Three. <u>Id</u>.

In this case, the ALJ applied Test One. Under Test One, as noted above, a claimant is engaged in SGA if the claimant "render[s] <u>services that are significant</u> to the operation of the business and <u>receive[s] substantial income</u> from the business." 20 C.F.R. § 404.1575(a)(2)(i) (emphasis added). Thus, Test One has two parts: (1) significant services; and (2) substantial income.

In evaluating the "substantial income" prong of Test One, the ALJ must first determine the amount of "countable income." 20 C.F.R. § 404.1575(c). To determine countable income, "the adjudicator must first determine the [claimant's] net income (i.e., gross income less normal business expenses)" and must then "deduct the value of any significant amount of unpaid help furnished" by others. SSR 83-34 at *4. After having determined the countable income, the ALJ must then determine if that countable income is "substantial." Income is considered substantial if:

(i) It averages more than the amounts described in § 404.1574(b)(2); or

(ii) It averages less than the amounts described in § 404.1574(b)(2) but it is either comparable to what it was before you became seriously impaired if we had not considered your earnings or is comparable to that of unimpaired self-employed

7

persons in your community who are in the same or a similar business as their means of livelihood.

20 C.F.R. § 404.1575(c)(2).[4] This regulatory provision is further addressed in Social Security Ruling 83-34 as follows:

> A self-employed individual will have substantial income from a business if "countable income" . . . from the business averages more per month than the amount shown for the particular calendar year in the SGA Earnings Guidelines. . . . Even if "countable income" from the business does not average more than the applicable amount shown in the Guidelines, a self-employed individual will have substantial income from a business if the livelihood which he or she derives from the business is comparable to that which he or she had before becoming disabled, *or* is comparable to that of unimpaired self-employed individuals in his or her community engaged in the same or similar businesses as their means of livelihood.

SSR 83-34, at *4; see also 20 C.F.R. § 404.1575(c)(2). Simply put, to demonstrate that a claimant meets the "substantial income" prong of Test One, an adjudicator must find that the claimant's countable income either (1) averages more than the amounts set forth in the Earnings Guidelines, or (2) is comparable to her pre-disability earnings, or (3) is "comparable to that of unimpaired self-employed individuals in his or her community engaged in the same or similar businesses." Id.

In the present case, the ALJ found that Plaintiff had "engaged in substantial gainful activity from January 31, 2014 through the present." (Tr. at 26.) As noted above, in reaching this conclusion the ALJ applied Test One, and the ALJ specifically found that Plaintiff had

---

[4] The cross-reference to "amounts described in § 404.1574(b)(2)" is a reference to the SGA Earnings Guidelines, which is "[a]n amount adjusted for national wage growth, calculated by multiplying $700 by the ratio of the national average wage index for the year 2 calendar years before the year for which the amount is being calculated to the national average wage index for the year 1998." 20 C.F.R. § 404.1574(b)(2). The Social Security Administration lists the yearly national wage index at: http://www.ssa.gov/OACT/COLA/AWI.html, and the monthly substantial gainful activity amounts at: http://www.ssa.gov/OACT/COLA/sga.html.

8

"received a substantial income from her hairdressing business." (Tr. at 26-27 (emphasis added).) In making the substantial income determination, the ALJ recalculated Plaintiff's net profits for 2014 and 2015, and included as profits some categories of expenses that Plaintiff had deducted as normal business expenses for tax purposes. (Tr. at 27-28.) Based on this recalculation, the ALJ found that Plaintiff's net profit for 2014 was $5,456 and net profit for 2015 was $12,531. (Tr. at 28.) The ALJ then compared these amounts to the Earnings Guidelines. However, even with these recalculations, the ALJ acknowledged that Plaintiff's income "was $7,384 short of the SGA level in 2014," and "$549 short of this level in 2015." (Tr. at 29.) In other words, the ALJ specifically determined that Plaintiff's "countable income" did not average more than the amount set out in the Earnings Guidelines for either of those years.[5] Therefore, to meet the "substantial income" prong of Test One, the ALJ was required to show that the amount Plaintiff earned in those years was comparable either to her pre-disability earnings or to the earnings of similarly-situated unimpaired individuals. See SSR 83-34 at *7 ("If the self-employed person's average monthly 'countable income' does not exceed the amount shown for the particular calendar year in the Earnings Guidelines, it is necessary to consider whether his or her livelihood from the business is comparable to either that which he or she had before becoming disabled, or to that of unimpaired self-employed persons in the community engaged in the same or similar businesses as their means of livelihood."). However, in this case, the ALJ made no such finding and did not even purport to undertake

---

[5] As noted by the ALJ, the Earnings Guideline was $1,070 per month in 2014 ($12,840 per year), and $1,090 per month in 2015 ($13,080 per year). (Tr. at 25.)

9

such an analysis.⁶ The ALJ instead simply compared Plaintiff's countable income to the Earnings Guidelines, without any reference to or reliance on the alternative tests. (Tr. at 28-29.) As discussed above and as acknowledged by the ALJ, Plaintiff's countable income was below the Earnings Guidelines for 2014 and 2015. Therefore, consideration of the alternative comparisons was required to support a finding of substantial income under Test One.⁷ The Court will not attempt to undertake such comparisons or analysis in the first instance, and absent further explanation or analysis by the ALJ, the Court cannot find substantial evidence to support the ALJ's determination that Plaintiff received a substantial income. Accordingly, the Court finds that substantial evidence fails to support the ALJ's finding at step one of the sequential analysis.⁸

IT IS THEREFORE RECOMMENDED that the Commissioner's decision finding no disability be REVERSED, and that the matter be REMANDED to the Commissioner under sentence four of 42 U.S.C. § 405(g). The Commissioner should be directed to remand

---

⁶ In fact, the ALJ acknowledged that Plaintiff's "annual reported net self-employment profits do document a sharp decline starting in 2013 and continuing into 2014 and 2015, which is consistent with her alleged onset date." (Tr. at 25.) The records reflect that Plaintiff's self-reported net profits were over $20,000 per year for every year from 2005 to 2012, but dropped to $12,910 in 2013, and further dropped to $3,316 in 2014 and $7,350 in 2015. (Tr. at 273, 276-77.) As noted above, the ALJ re-calculated Plaintiff's net profits for 2014 and 2015 to include certain categories of expenses that were taken as deductions on Plaintiff's tax returns, but the ALJ did not compare these amounts to Plaintiff's pre-2013 earnings, and even with the recalculations, there still appears to be a significant reduction from Plaintiff's pre-disability income. Moreover, the ALJ did not similarly re-calculate the net profits for 2013 and earlier years in order to make a fair comparison between the time periods before and after Plaintiff's alleged disability. The ALJ also made no attempt to compare Plaintiff's income to the income of unimpaired, self-employed individuals in her community.

⁷ If these alternative comparisons did not support a finding of substantial income under Test One, the ALJ could then consider Test Two and Test Three, which were not addressed here.

⁸ The Court notes that Plaintiff also disputes the ALJ's calculation of her "countable income," particularly the ALJ's decision to include certain amounts that were deducted as business expenses on Plaintiff's tax returns. In addition, Plaintiff challenges the ALJ's determination that she provided "significant services" under Test One. See 20 C.F.R. § 404.1575(b). The Court need not consider these challenges at this time, since Plaintiff can further address all of these issues on remand, which is required in any event for the reasons set out above.

the matter to the ALJ for proceedings consistent with this Recommendation. To this extent, Defendant's Motion for Judgment on the Pleadings [Doc. #14] should be DENIED, and Plaintiff's Motion for Judgment Reversing the Commissioner [Doc. #12] should be GRANTED. However, to the extent that Plaintiff's motion seeks an immediate award of benefits, it should be DENIED.

This, the 1st day of October, 2018.

                                                      /s/ Joi Elizabeth Peake
                                                      United States Magistrate Judge